# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GITZEN, | ) | |
| | ) | Civil Action No. 19-452 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lenihan |
| | ) | |
| S&S, INC., | ) | |
| | ) | ECF No. 11 |
| Defendant. | ) | |

## MEMORANDUM OPINION

Presently before the Court is the Motion to Dismiss filed by Defendant S&S, Inc. (ECF No. 11.) For the reasons discussed below, the motion will be denied.

FACTS

Plaintiff Michael Gitzen ("Plaintiff" or "Gitzen") brings this action under the Fair labor Standards Act ("FLSA"). He also alleges supplemental state law claims pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), and for breach of contract. (Complaint, ECF No. 1 ¶¶ 1-2.)

Plaintiff was employed as a carpenter for Defendant S&S, Inc. ("Defendant" or "S&S") from September 1, 2001 until August 31, 2018, when he was terminated by Defendant. (ECF NO. 1 ¶ 13.) Plaintiff was a salaried employee but he did not perform any administrative, executive, or professional job duties. (ECF No. 1 ¶ 14.) Plaintiff alleges that he regularly worked more than 40 hours in a given work week during that time period on an annual basis, but was never paid overtime by Defendant. (ECF No. 1 ¶¶ 15 &19.) Plaintiff also alleges that he was never paid prevailing wages for jobs that required employees to be paid at the prevailing wage rates. (ECF No. 1 ¶ 18.) Instead, Plaintiff alleges that Defendant "deliberately and

unlawfully certified false payroll records to avoid paying Plaintiff at the overtime rate. (ECF No. 1 ¶ 21.)

Plaintiff further alleges that he has not been paid an agreed upon bonus. (ECF No. 1 ¶¶ 27-28.) Finally, Plaintiff alleges that Defendant failed to pay Plaintiff his wages for the last two weeks that he worked for Defendant. (ECF No. 1 ¶ 31.)

LEGAL STANDARD

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

ANALYSIS

In support of its Motion to Dismiss, Defendant presents a narrative that appears to raise several issues without any substantive discussion. First, Defendant suggests that because three (3) of the four (4) Counts of the Complaint raise state law issues, jurisdiction is inappropriate pursuant to 28 U.S.C. § 1367. Plaintiff responds that because this Court has jurisdiction over this

matter pursuant to 28 U.S.C. § 1331, it has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

Section 1367(a) provides as follows:

> (a) Except as provided in subsections (b) [concerning diversity jurisdiction] and (c) [dismissal of all federal claims] or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Here, Plaintiff has invoked the federal jurisdiction of this Court pursuant to 28 U.S.C. § 1331, federal question jurisdiction, by bringing a claim pursuant to a federal statute—the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 207 (a)(1) & 216(b). Therefore, it has supplemental jurisdiction over Plaintiff's related state law claims concerning "the same case or controversy." Therefore, Plaintiff's state law claims are properly before this Court and will not be dismissed.

Next, Defendant suggests, without citation to statute, regulation or caselaw, that because Plaintiff states that he was a salaried employee at the Defendant, he is not entitled to the protections of the FLSA. Plaintiff responds that because he was acting as a carpenter rather than in an executive, administrative, professional capacity or as an outside sales employee, he is entitled to be paid overtime, citing 29 C.F.R. § 541.

The FLSA requires that overtime wages, equivalent to one-and-one-half times the regular pay rate, be paid to employees who work in excess of 40 hours per week. See 29 U.S.C. § 216 (c). An employee is exempt from overtime compensation under an "administrative exemption"

if he meets a salary test (not in dispute here) **and** is (a) an administrative worker, (b) whose work is of substantial importance to Defendant, and (c) whose primary duty includes work requiring the exercise of discretion and judgment. *See Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896, 901-02 (3d Cir. 1991). *See also* 29 U.S.C. § 213(a)(1) (exempting employees occupying "bona fide executive, administrative, or professional" positions from the maximum hour provisions of the FLSA). These exemptions from the Act's overtime pay requirements are to be narrowly construed, and the burden of proving these exemptions is on the employer. *Martin*, 940 F.2d at 900 (citations omitted).

Here, Plaintiff alleges that he served as a carpenter for the Defendant. At the motion to dismiss stage, Plaintiff has stated a plausible claim that he does not fall under the "administrative exemption" of the FSLA and therefore, entitled to the Act's overtime pay protections.

Next, Defendant argues that because Plaintiff filed suit at the local magisterial district level[1] for what appears to be a portion of his final wages, mileage and other reimbursement expenses for a specific and limited time period totaling $3,219.98, that Plaintiff's current federal civil action is barred by the doctrine of res judicata.

Res judicata, or claim preclusion, "is a defense asserted when a case is essentially identical to one that has previously been adjudicated." *R&J Holding Co. v. Redev. Auth. of Cnty. of Montgomery*, 670 F.3d 420, 427 (3d Cir. 2011). To determine the effect of a Pennsylvania state court judgment, the Full Faith and Credit Statute, 28 U.S.C. § 1738[2] requires that this Court apply Pennsylvania's claim preclusion law. *R&J Holding Co.*, 670 F.3d at 427. For claim

---

[1] Plaintiff filed suit in the Magisterial District Court for Beaver County. (ECF No. 12-1). According to Defendant, judgement was entered and paid by Defendant. (Brief in Support of Defendant's Motion to Dismiss, ECF No. 12 at 2.)
[2] "Under the Full Faith and Credit Statute, 'judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of' the state from which they emerged." 28 U.S.C. § 1738, *quoted in*, *R&J Holding Co.* 670 F.3d at 427.

preclusion to apply under Pennsylvania law, the two civil actions must have the following factors in common: "1) the thing sued upon or for; 2) the cause of action; 3) the persons and parties to the action; and 4) the capacity of the parties to sue or be sued." *Id.* (quoting *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72,74 (Pa. 1974)). "Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Id.* (quoting *Balent v. City of Wilkes-Barre,* 669 A.2d 309, 313 (Pa. 1995)).

Here, the doctrine of res judicata will not bar Plaintiff's federal civil action. "Pennsylvania common law does not preclude a litigant from litigating in a second action a claim that could not have been raised in the first action because it was not within the jurisdiction of the first court." *McNasby v. Crown Cork & Seal Co., Inc.*, 888 F.2d 270, 271-72, 276-77 (3d Cir. 1989) (citing *McCarter v. Mitcham*, 883 F.2d 196, 199 (3d Cir. 1989)). The magisterial district courts are courts of limited subject matter jurisdiction; that is, their civil jurisdiction is capped at awards of $12,000 and is limited to certain "classes of actions." *See* 42 Pa. C.S.A. § 1515(a)(2) & (3). Here, the Butler County Magisterial District Court does not have jurisdiction over claims filed pursuant to the FLSA, or the two Pennsylvania statutes invoked by Plaintiff in Counts II and IV of his Complaint: the Pennsylvania Wage Payment and Collection Law; and Pennsylvania Minimum Wage Act. Moreover, as to Count I for breach of contract for failure to pay a bonus due on August 31, 2018, Plaintiff would have exceeded the jurisdictional limit of $12,000 if he had included this claim in the state action. Therefore, this claim is not barred by the doctrine of res judicata.

For the above reasons, the Motion to Dismiss filed by Defendant S&S, Inc. will be denied. An appropriate Order will follow.

5

Dated: September 12, 2019

                                        BY THE COURT

                                        <u>s/Lisa Pupo Lenihan</u>
                                        LISA PUPO LENIHAN
                                        United States Magistrate Judge